[Civ. No. 10957. First Appellate District, Division Two.—December 22, 1938.]

NEW YORK CASUALTY COMPANY (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Charles V. Barfield and Joseph G. De Forest for Petitioners.

Bronson, Bronson & McKinnon, as *Amici Curiae,* on Behalf of Petitioners.

J. Francis Shirley for Respondent.

NOURSE, P. J.—The petitioners seek a review of the orders of the respondent court directing them to answer certain questions, and to produce private documents, upon the taking of their depositions, and citing them for contempt of court in failing to do so.

The respondent has made no return other than by demurrer to the petition, and we may therefore take the facts there pleaded as true. One Burford was injured in a collision with an automobile owned by Juett and operated by Huesby. Burford sued both for damages and had judgment against both. Juett appealed from the judgment against him, but that against Huesby has become final. At the time of the injuries, Juett held a policy of public liability insurance

issued by the Casualty Company. Burford has sued the Casualty Company on the Huesby judgment, and that action is pending trial.

On the representation that their testimony was necessary in connection with an action he "expected" to bring, Burford started proceedings to "perpetuate" testimony under sections 2083–2086 of the Code of Civil Procedure. One of the witnesses subpoenaed was an officer of the Casualty Company. He was ordered to bring with him his private and confidential papers in reference to the action for the "inspection" of his adversary. He protested that all these documents were in the hands of the attorney for the Casualty Company and were confidential communications made for the purpose of preparing a defense to the litigation. The witness Juett was asked the same questions which were put to him and answered in the main action, and which are fully "perpetuated" in the record on appeal. The entire deposition proceedings are obviously taken in bad faith and for no legitimate purpose. They can result in nothing but oppression to the witnesses and an invasion of the legal rights of the parties. The particular order here under attack must be annulled as in excess of the jurisdiction of the trial court. That this opinion should not be too long, we limit to three the statement of our reasons for the judgment.

(1) The facts "necessary" to be proved, as stated in the application to take testimony, are the circumstances relating to the use of the automobile at the time of the accident. To hold Juett and his insurer, the plaintiff Burford must contend that Huesby was operating the car with the owner's permission. This was the main issue in the trial heretofore had. It has been determined in favor of Burford as to both defendants; with the Huesby judgment it is final. As to Juett, the cause is on appeal, but all this testimony was taken and heard in open court and has already been "perpetuated" in the record. There is, therefore, no necessity for taking these depositions to perpetuate testimony.

(2) The order of the trial court went beyond judicial limits when it required the insurance carrier to produce its confidential reports and investigation of the accident. These had all been procured for the special use of the attorney for the company, and were in his possession at the time the order was made. These documents are just as much privileged

when in the possession of the attorney for the insurer as is the information which the attorney for the plaintiff obtains from his client in the presentation of his case. In a closely similar case this question was covered in *In re Klemann*, 132 Ohio St. 187 [5 N. E. (2d) 492, 494, 495, 108 A. L. R. 505], where the Ohio court says: "In order for a document to constitute a privileged communication, it is essential that it be brought into being primarily as a communication to the attorney. . . . The report thus required, when furnished, becomes the property of the insurance company, and when the original or copy thereof is transmitted by the insurance company, either directly or through an agent, to its attorney, on the authority of *Ex parte Schoepf*, 74 Ohio St. 1 [77 N. E. 276, 6 L. R. A. (N. S.) 325], it constitutes a communication from client to attorney, and, as such, it is protected as a privileged communication under section 11494, General Code, and its production and disclosure cannot be compelled by *subpoena duces tecum*."

Section 11494 of the Ohio General Code, upon which the decision is based, is almost identical with section 1881, subdivision 2 of our Code of Civil Procedure which reads: "An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment. . . . " In the Klemann case the papers had been given to the attorney, and the manager of the insurance carrier was ordered to produce them on his deposition. In holding that the papers were privileged and that the manager could not be compelled to produce them, the Ohio court followed the spirit of the law as announced in the first clause of our code section which reads: "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate."

(3) Proceedings to "perpetuate" testimony will not lie when the action is already pending and depositions can be taken under section 2021 of the Code of Civil Procedure. Here the sole issue between these parties is whether Huesby was operating the car at the time of the injuries with the permission, express or implied, of Juett, the car owner, so that he may be held liable for the injuries under section 402a of the Vehicle Code. This issue has been tried in the action against Juett and Huesby. A final judgment against Juett in that

action will be conclusive against the insurance carrier in that issue. *Lamb* v. *Belt Casualty Co.*, 3 Cal. App. (2d) 624, 631 [40 Pac. (2d) 311]. In the action now pending against the Casualty Company on the Huesby judgment that issue will be vital, but proof can be made without these depositions. There is nothing in *Christ* v. *Superior Court*, 211 Cal. 593 [296 Pac. 612], contrary to this view. There the deposition proceedings originated in the Guatemala courts and were shown to be necessary in connection with an expected action in those courts. It was held that the proceedings were not affected by the pending of similar actions in our state court. But here there is no action contemplated which is or can be one particle different from that now pending. If the judgment against Juett is affirmed the matter is ended. If it is reversed, the plaintiff therein may desire to produce further testimony on the issue of permissive use. But the questions which the witnesses have been ordered to answer here have already been asked and answered in the trial heretofore held. Burford's remedy for further inquiry is under section 2021 and not under section 2083. These observations are pertinent to the rights guaranteed all parties against *unreasonable* searches and seizures by section 19 of article I of the Constitution which are fully discussed in *Kutner-Goldstein Co.* v. *Superior Court*, 212 Cal. 341, 346 [298 Pac. 1001].

The orders are annulled.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 13, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 20, 1939.