**CLINCHFIELD RAILROAD COMPANY, Appellant,**

**v.**

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellee.**

**No. 13623.**

United States Court of Appeals Sixth Circuit.

Feb. 13, 1959.

A. K. McIntyre, Harry N. Fortune, Tucker & Erwin, Erwin, Tenn., for appellant.

S. J. Milligan, Greeneville, Tenn., E. Lynn Minter, Kingsport, Tenn., for appellee.

Before MARTIN, Chief Judge, McALLISTER, Circuit Judge, and MATHES, District Judge.

PER CURIAM.

Appellant, in a former action, was sued by one of its employees under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for damages which he claimed to have suffered as the result of being injured in a collision between an automobile and a railroad train at appellant's premises. The employee claimed that, at the time of the accident, he was engaged in appellant's employment. Upon the trial, the jury was instructed by the court on the question whether the employee was injured during his employment. The trial judge charged the jury that the first question which it was to determine was whether the employee was "within his employment at the time of his injury." The jury found in favor of the employee, and appellant thereupon paid him the amount of the judgment of $20,000, plus the costs and interest accrued. Thereafter, appellant sued appellee insurance company for the amount of such payment, claiming the right to recover, by virtue of an automobile insurance policy in which appellee insurance company agreed to indemnify appellant for any damages resulting from bodily injuries sustained by any person caused by accident arising out of the use or maintenance of certain automobiles named in the policy. Appellee insurance company defended on the ground that among the exceptions and exclusions contained in the policy was a provision that it did not apply to bodily injuries suffered by any employee of the insured while he was engaged in appellant's employment. The proposition set forth in this defense was, at least implicitly, conceded to be valid.

In the trial between appellant railroad company and appellee insurance company, in the District Court, the issue was whether the injuries sustained by the employee had occurred while he was within his employment. Upon proper instructions, the jury found for the employee and, accordingly, the judgment entered on the verdict is conclusive of that question on appeal. Fidelity and Casualty Company of New York v. Federal Express, 6 Cir., 136 F.2d 35; Crawford v. Pope & Talbot, Inc., 3 Cir., 206 F.2d 784.

The insurance policy provisions excluding liability were not ambiguous. The judgment, in the case of the em-

ployee against appellant company, adjudicated that he was engaged in his employment by appellant at the time of his accidental injuries; and appellant is estopped to question that adjudication in the instant case.

Since the provisions in the insurance policy, relied upon by appellant, excluded liability for the injuries in question that were sustained during employment, the judgment of the District Court is affirmed for the reasons set forth in the opinion of Judge Robert L. Taylor, reported in 160 F.Supp. 337.