Pauline GREEN, Individually and as Next Friend for Patricia Ann Green, et al., Appellants,

v.

AMERICAN GENERAL INSURANCE COMPANY et al., Appellees.

No. 16291.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 2, 1962.

Rehearing Denied March 2, 1962.

Passman, Jones & Whitener, and Bill C. Hunter, Dallas, for appellant.

Bailey & Williams, and James A. Williams, Dallas, for appellee American General Ins. Co.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellee Superior Ins. Co.

MASSEY, Chief Justice.

Plaintiff Pauline Green, acting individually and as next friend of her minor children, brought suit against defendants American General Insurance Company and Superior Insurance Company, to collect the benefits afforded to Howard Lewis by certain policies of liability insurance. Predicate for the action so brought lay in an antecedent suit the same plaintiffs had prosecuted to judgment against Lewis. An execution levied upon Lewis under the judgment was returned nulla bona. It was the plaintiffs' contention in the subsequent suit that the defendants were liable, under and by virtue of the policies of insurance.

The insurance companies filed motions for summary judgment, and following hearing of said motions summary judgment was rendered in the companies' behalf and that plaintiffs take nothing by suit against them on such insurance policies. From this judgment the plaintiffs appealed.

Judgment affirmed.

On April 13, 1958, the automobile driven by Lewis upset in Louisiana and resulted in injuries causing the death of plaintiffs' decedent, a passenger in the car. Lewis owned an automobile on which there was a policy of liability insurance. The automobile being driven at time of the fatal upset, however, was a borrowed car. This vehicle was also covered by a policy of liability insurance, although in a separate company. Hence, the occasion of two rather than a single insurance company as the defendants in the instant case. One company, under a "non-waiver agreement" taken from Lewis, defended him in the tort suit brought by plaintiffs. After judgment was obtained against Lewis plaintiffs brought this action against the companies, who answered with a plea of res adjudicata and estoppel by judgment.

■ At first glance it would seem that the doctrine of res adjudicata would not be available to companies to be plead as a defense to the action brought on the policies issued by them by reason of the fact that the companies were not parties to the former suit between plaintiffs and Lewis. There is a well-defined exception, however, such as typified in the instant situation, where the companies' liability to plaintiffs is secondary and derivative. If the jury had determined in the suit of plaintiffs against Lewis that Lewis was not negligent and therefore not liable to plaintiffs, then the companies would have been acquitted of all liability along with Lewis, for their liability could only have been secondary and derived from the primary liability of Lewis.

■ As applied to issues posed in the instant suit, which was finally disposed of by virtue of the finality of the judgment in the prior suit, either party would have been entitled to set up the plea of res adjudicata. Therefore, even though Lewis' liability was established by the judgment of the prior suit, it is determined from a reference to said judgment that the judge who entered it did so despite the fact that the jury found that plaintiffs' decedent assumed the risk of injury, because of the jury's further findings, on special issues in which the burden was cast upon the plaintiffs, that said decedent was at the time of injury an employee of Lewis and was furthermore engaged in the course of said employment. We believe that the effect of the plea advanced, coupled with the evidence bearing thereupon, established as a matter of law that plaintiffs' decedent was, at the time of his injuries resulting in death, an employee in his status as such for Lewis. See 26 Tex.Jur., p. 14 et seq., "Judgments", Ch. XI "Res Judicata—Conclusiveness and Merger", § 354 "Manner of Operation", § 437 (on p. 179) "(Judgment as an Estoppel)—In General"; 24A Tex.Dig., "Judgment", ☞ 678 "Privity in general"; Stanolind Oil & Gas Co. v. State, 1940, 136 Tex. 5, 145 S.W.2d 569; Eastland County v. Davisson, 1929 (Tex.Com.App.), 13 S.W.2d 673; Restatement of the Law, Judgments, § 107 "Rights of Indemnitee and Indemnitor Inter Se After Judgment Against One of Them".

It follows that the only matter for inquiry by the trial court, having taken notice of the matters as to which the parties' rights stood as having been adjudicated, was the state and condition of the contracts applicable to the liability of Lewis. Under said contracts the liability of both companies was conditional and specifically excluded the liability of either as applied "to bodily injury to any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured; * * *." The state of the record was such that rendered it apparent to the trial court that the companies' motions for summary judgment should be granted unless there remained an issue for trial on the question of whether the decedent was a "domestic employee" of Lewis at time of his injuries, and, conditioned upon an affirmative show-

ing that he was in such employed status, whether there remained an issue for trial on the question of whether workmen's compensation benefits were payable or required to be provided.

We believe that the state of the proofs before the court established that plaintiffs' decedent was *not* a "domestic employee" at the material time and place, obviating further inquiry conditioned upon the existence of an issue upon the question or upon a finding that said decedent was such character of employee. In other words, we hold that said decedent, an employee of Lewis, was engaged in employment other than connotated by the term "domestic employment".

The proofs of which we speak lie in the deposition of Lewis, which deposition was taken in the course of the preparation for trial of the plaintiffs' suit against Lewis. Indeed, it is to be noted from the affidavits of attorneys for one of the companies and for plaintiffs that attempts to locate Lewis met with failure. There was no attempt to delay the hearing on the motions for summary judgment because thereof and there is no complaint that said hearing was premature.

Plaintiffs, through counsel, objected to any consideration of the deposition of Lewis. The companies insisted that it was proper to be considered as an "affidavit" under provisions of Texas Rules of Civil Procedure 166–A, "Summary Judgment". Depositions taken in cases in which motions for summary judgment were filed have always been considered proper, but in Texas, at least, the propriety of the use of a deposition taken in another and different cause has not been determined.

Plaintiffs contend that since the effect of T. R. C. P. 213, "Depositions as Evidence", prohibits use of depositions in and of themselves to prove or disprove any fact in a cause other than that in which they were taken, the deposition of Lewis, which was taken in the suit of plaintiffs against him for tort damages, would be inhibited

under the same rule. The companies contrarily contend that such deposition was proper to be considered by the court on hearing motions for summary judgment since affidavits ordinarily used, and provision for which is prescribed by the rule, would not be admissible in the event of trial of issues. The companies carefully point out that a distinction is to be made between the character of proof proper to be considered in determining whether there is an issue to be tried, and evidence proper to be adduced upon any trial decided to be necessary.

■ Taking note of the fact that plaintiffs predicate their entire objection to the consideration of Lewis' deposition upon the theory that such would be inhibited by provisions of T.R.C.P. 213, the point of error is overruled. Our holding in this regard, that the deposition was properly received and considered, is confined to the circumstances of this particular case, and to the single matter of fact use thereof established.

Judgment is affirmed.