492 P.2d 1196

**DAIRYLAND INSURANCE COMPANY,**
**Appellant,**

v.

**Charles RICHARDS and Lois Richards,**
**husband and wife, Appellees.**

**No. 10304–PR.**

Supreme Court of Arizona,
In Banc.

Jan. 27, 1972.

**90**

Murphy, Vinson & Hazlett by Carl E. Hazlett, Tucson, for appellant.

Lesher & Scruggs, P.C. by D. Thompson Slutes, Tucson, for appellees.

STRUCKMEYER, Justice.

This matter arises out of a petition for review of an opinion of the Court of Appeals, 13 Ariz.App. 324, 476 P.2d 530, affirming a judgment against the Dairyland Insurance Company. For the reasons hereinafter stated, the opinion of the Court of Appeals is vacated.

On August 3, 1968, one Lois Richards was driving an automobile on a public highway in Tucson, Arizona, when she was struck by another vehicle, thereby suffering certain personal injuries. Lois Richards, together with her husband, Charles, brought suit in the Superior Court of Pima County against Pete O'Field and Raymond and Eula Sherfield. It was alleged in the complaint that the accident was caused by the negligence of the defendant, O'Field, who "at all material times was acting as agent of or by consent of Raymond Sherfield and Eula Sherfield, the owners of the automobile driven by O'Field." Defendants were duly and regularly served, but they did not answer within the time permitted by law and default judgments were entered against them in the amount of $22,500.00, presumably on the theory that proof of ownership of a motor vehicle is prima facie evidence that the driver is the servant or agent of the owner. *See* Silva v. Traver, 63 Ariz. 364, 162 P.2d 615.

At the time of the accident, O'Field was insured under a nonowner's or named operator's policy of motor vehicle liability insurance issued by Dairyland. A named operator's policy insures a driver only when he is operating a vehicle which he does not own. Prior to the entry of default and before the time to answer · had expired, O'Field took the complaint with which he had been served to the local office of Dairyland. He was advised that his policy did not cover the accident for the reason that he owned the vehicle involved in the collision.

On April 17, 1969, a writ of garnishment was issued and served upon Dairyland. It answered, denying that it was indebted to Pete O'Field and denying that a policy of insurance had been issued to Pete O'Field which either covered, or was in full force and effect at the time of, the accident. The Richardses, husband and wife, tendered issue in garnishment that the policy

covered the accident and was in full force and effect at the time.

A hearing was held on October 16, 1969. Evidence was introduced that Ray Sherfield had sold a motor vehicle to O'Field for which, prior to the accident, O'Field, had paid in full, and that Sherfield had signed a title in blank before a notary public and delivered the title and vehicle to O'Field, but that O'Field had failed to apply for a new title to be issued in his own name. The uncontradicted evidence, therefore, conclusively established that O'Field owned the vehicle which allegedly hit the Richardses' vehicle. Because O'Field was the owner, although not the registered owner, Dairyland argued, there as here, that it was not liable under the non-owner's policy issued to O'Field

■ We think, however, that notwithstanding the testimony introduced in the garnishment proceedings, the judgment against O'Field obtained by the Richardses was res judicata and could not be subsequently impeached. Judgments in actions against insureds have been held conclusive in a variety of circumstances, Truck Insurance Exchange v. American Surety Company, 9th Cir., 338 F.2d 811; Maryland Casualty Company v. Lopopolo, 9th Cir., 97 F.2d 554; New York Casualty Company v. Superior Court, 30 Cal.App.2d 130, 85 P.2d 965; Public National Insurance Company v. Wheat, 100 Ga.App. 695, 112 S.E.2d 194; Beck v. Renahan, 259 N.Y.S.2d 768, 46 Misc.2d 252; Leonard v. Blake, 298 Mass. 393, 10 N.E.2d 469; Berry v. Travelers Insurance Company, 118 N.J.L. 571, 194 A. 72; Jusiak v. Commercial Casualty Insurance Company, 11 N.J.Misc. 869, 169 A. 551; Green v. American General Insurance Company, Tex.Civ.App., 354 S.W.2d 616.

The facts of the Richards case were determined to be that O'Field was acting as agent of or by consent of the Sherfields. The issue became res judicata by the entry of the judgment therein. The court below did not err in concluding that Dairyland could not claim the vehicle which defend-

ant O'Field acquired from defendants Sherfield was owned by defendant O'Field.

We must presume the court in the Richardses' suit found that the allegations of the complaint were supported by the evidence. The judgment entered, although by default, is conclusive and res judicata on all issues which were or could have been litigated and is not subject to collateral impeachment at a subsequent time. Collister v. Inter-State Fidelity Building and Loan Association, 44 Ariz. 427, 38 P.2d 626, 98 A.L.R. 1020; Edwards v. VanVoorhis, 11 Ariz.App. 216, 463 P.2d 111. Dairyland's rights are derivative and it is precluded by judgment from later questioning the ownership of the vehicle O'Field was operating.

■■ Appellant raises one further matter which need only be briefly touched upon. It is urged that, because the Richardses in their suit against O'Field and the Sherfields prayed for just and reasonable damages without setting forth a dollar amount in their complaint, the judgment was different in kind from and exceeds that prayed for in the complaint. Rule 54(d), Rules of Civil Procedure, 16 A.R.S., provides that "a judgment by default shall not be different in kind from or exceed an amount that is prayed for in the demand for judgment * * *."

The exact language of the prayer of the complaint was "in a sum which is reasonable and just." This is a sum indefinite in amount and defendants were compelled to assume that a judgment might be ultimately entered in some amount. We must also assume that the court in the Richardses' case found that $22,500 was reasonable and just in light of the evidence introduced. Here, again, Dairyland is foreclosed from attacking the judgment. A judgment is conclusive as to damages, Manning v. State Farm Mutual, D.C., 235 F.Supp. 615; Wilhide v. Keystone Insurance Company, D.C., 195 F.Supp. 659; Lamb v. Belt Casualty Company, 3 Cal.App.2d 624, 40 P.2d 311.

We express reservations as to appellee's position that O'Field was not an owner

within the meaning of Dairyland's policy because he does not come within the definition of owner as found in Title 28, Motor Vehicles, § 28–130, 9 A.R.S. But, since the decision in this case does not require the determination of that question, we do not reach it in this appeal.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.