507 P.2d 1011

Laura HERENDEEN, Appellant,

v.

UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Appellee.

No. 2 CA–CIV 1282.

Court of Appeals of Arizona,
Division 2.

March 21, 1973.

Rehearing Denied April 25, 1973.

Review Denied May 22, 1973.

**400**

---

Bernard I. Rabinovitz, Tucson, for appellant.

Everett & Bury, P. C. by David C. Bury, Tucson, for appellee.

HATHAWAY, Chief Judge.

This is an appeal from a judgment granting appellee a motion for summary judgment against appellant.

In September, 1969, Laura Herendeen, appellant herein, was crossing Stone Avenue in Tucson, Arizona, when she was struck by a 1959 Ford automobile driven by Juan P. Chavarria, Jr., a minor. A lawsuit was filed against Juan Jr. and his parents alleging *inter alia* that the parents had been negligent on two counts; first, that they were liable under the Family Purpose Doctrine and secondly, that they had been negligent in providing the defendant with the said motor vehicle or in permitting him to drive the same. Mr. and Mrs. Chavarria, Juan Jr.'s parents, were insured by United States Fidelity & Guaranty Co., appellee herein, which insurance company refused to defend under the automobile policy, claiming that the automobile driven by Juan Jr. was not insured under the policy. Appellant then proceeded to trial against the Chavarrias and obtained a judgment against them in the sum of $22,000.

Laura Herendeen, as a third party beneficiary under the insurance policy, brought an action against the Chavarria's insurance company alleging that it violated and disregarded its obligation to its insured, Juan Sr., and by reason of its failure and refusal to settle plaintiff's claim, it became liable for the entire unpaid balance of plaintiff's judgment. Appellee answered admitting failure to negotiate, alleged no coverage under the policy and denied that the vehicle in question was owned by Juan Sr. The insurance company's motion for summary judgment was granted, hence this appeal.

The appeal presents various questions challenging the propriety of summary judgment in that several disputed issues of material fact were before the trial court.

■ WAS THERE A QUESTION AS TO THE OWNERSHIP OF THE FORD AUTOMOBILE THAT STRUCK LAURA HERENDEEN?

Juan Jr. did not obtain a certificate of title when he purchased the automobile in question from his uncle. Appellant cites Dairyland Insurance Co. v. Richards, 13 Ariz.App. 324, 476 P.2d 530 (1970), vacated in 108 Ariz. 89, 492 P.2d 1196 (1972) for the proposition that because Juan Jr. did not obtain a certificate of title for the automobile, he was not the owner and therefore this was only a temporary substitute automobile being used by a member of the insured's household and was covered under the policy. We have recently ruled in St. Paul Fire & Marine Ins. Co. v. Muniz, 19 Ariz.App. 5, 504 P.2d 546 (1972) that a person may still be the owner of an automobile even though he did not obtain a certificate of title when he purchased it. It is uncontroverted that the agreement between Juan Jr. and his uncle, the seller of the automobile, was valid and ownership of the automobile was in fact transferred. This conclusion is supported in the depositions which were filed for purposes of ruling on summary judgment.

■ WAS THE VEHICLE IN QUESTION "AN OWNED AUTOMOBILE" WHICH WOULD HAVE BEEN ADDED TO JUAN CHAVARRIA, SR.'S AUTOMOBILE INSURANCE POLICY DURING THE 30-DAY PERIOD PROVIDED IN THE POLICY?

The policy of insurance provides that: "If the *named insured* disposes of, acquires ownership of, or replaces a private passenger, farm or utility automobile or, with respect to Part III, a trailer, any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof." (Emphasis added)

Appellant cites Hughes v. Glens Falls Ins. Co., 15 Ariz.App. 7, 485 P.2d 597 (1971) for the proposition that under the above clause of the insurance policy, the Ford automobile was necessarily insured by the appellee since Juan Jr. intended to insure the automobile under his father's policy. Appellant's reliance upon *Hughes, supra,* is misplaced because that case dealt with an automobile which had been purchased by the named insured. The named insured gave notice of the purchase to his automobile insurance company, but the insurance company refused to insure the new automobile. There, we stated that refusal to insure the automobile had been improper and held the insurance company liable. There is no indication that Juan Sr., the named insured, was the owner of the Ford automobile or that notice was ever given to the insurance company of intent to insure the automobile in question.

Appellant attempts to support the ownership theory on the ground that Juan Sr. was found to be the owner of the automobile in the original tort action and the insurance company is now precluded from questioning ownership by reason of the doctrines of *res judicata* and *collateral estoppel. See,* Dairyland Insurance Co. v. Richards, 108 Ariz. 89, 492 P.2d 1196 (1972). As previously noted, the complaint in the original action asserted two claims against the defendants, one of which alleged negligence under the Family Purpose Doctrine which could have required a finding by the trial court that Juan Sr. was the owner of the Ford automobile.

There was nothing in the judgment indicating which theory the court followed, therefore appellant argues that liability must have been premised on both theories and collateral estoppel must apply as to both questions.

An insurance company which refuses to defend an action under circumstances where it has a duty to defend is bound by facts determined in the trial of such action. Burnett v. Western Pac. Ins. Co., 255 Or. 547, 469 P.2d 602 (1970); Ferguson v. Birmingham Fire Insurance Co., 254 Or. 496, 460 P.2d 342 (1969); Restatement of Judgments § 68 (1942). This is the doctrine of *collateral estoppel.* Application of the doctrine is limited to those facts essential to the judgment of tort liability. The rule is stated in 2 Black on Judgments 928 § 611 (2nd Ed.):

". . . that the judgment, . . . is not conclusive of any matter which was incidentally cognizable in that action, of which came collaterally in question, nor of any matter to be inferred by argument and construction from the judgment. The estoppel of a judgment extends only to the question directly involved in the issue, and not to any incidental or collateral matter, though it may have arisen and passed upon . . . ."

*Black* further notes:

"A judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered. . . . it is conclusive evidence of whatever it was necessary for the jury to have found in order to warrant the verdict in the former action, and no further." 2 Black on Judgments 938 § 615 (2nd Ed.)

The court could have found the defendant liable on two theories; it could have found Mr. and Mrs. Chavarria negligent in allowing their son to drive the automobile or it could have found them liable under the Family Purpose Doctrine.

We have reviewed the evidence and find nothing in the evidence or pleadings

which compelled the trial judge to find that the Chavarrias were the owners of the automobile. Liability could have been predicated upon the theory that they had been negligent in allowing Juan Jr. to drive the automobile. Since the finding of ownership was not essential to the judgment, we hold that the insurance company was not estopped to deny that their insured was not the owner of the vehicle in question. Since there was no showing that the insured owned the vehicle, the motion for summary judgment was properly granted.

Affirmed.

KRUCKER and HOWARD, JJ., concur.