517 P.2d 1099

**HARTFORD ACCIDENT & INDEMNITY COMPANY, a corporation, Appellant,**

v.

**Hector VILLASENOR and Mrs. Hector Villasenor, husband and wife, Appellees.**

**No. 2 CA–CIV 1463.**

Court of Appeals of Arizona, Division 2.

Jan. 8, 1974.

Rehearing Denied Feb. 15, 1974.

Review Denied March 26, 1974.

Gaynor K. Stover, Tucson, for appellant.

Paul G. Rees, Jr., Tucson, for appellees.

## OPINION

HATHAWAY, Chief Judge.

This is an appeal from a summary judgment in favor of the appellees requiring appellant to pay the amount of a judgment obtained by appellees in a personal injury action.

Mr. Villasenor, while employed at a Meat King Market, a retailer of meat and meat products in Tucson, Arizona, was injured on July 24, 1964, when he was directed to replace the letters on a sign in front of the market. Several months later he filed suit against Edward Robles and Ernesto Elias, dba Meat King Markets, alleging that he was in the employment of the defendants and, while in the course and scope of his employment, was injured by the negligence of the defendants. The complaint further alleged that the plaintiff was entitled to bring the action since the defendants had violated the law requiring them to obtain workmen's compensation insurance to cover injuries and accidents to their employees.

Defendant Elias answered the complaint alleging that he was neither an owner of the Meat King Markets nor an employer of the plaintiff and had no financial interest of any kind in the market.

Various discovery procedures were undertaken by the parties to the lawsuit. The record in the personal injury action [Cause No. 87672] reflects that it was the plaintiff's position that Elias and Robles were his employers. A pretrial conference was held on November 28, 1967 and the pretrial order contained the following:

"ISSUES OF FACT:

1. What is the nature and extent of Pltf's injuries and their causation?

2. Was the Deft. Ernesto Elias the owner of the business known as Meat King Market where the accident occurred, or was Deft. Edward Robles the owner?

3. Did either of the Defts. have workmen's compensation to cover the accident, and were notices posted as required by the statutes regarding workmen's compensation?

4. What was the manner in which the accident occurred?

ISSUES OF LAW:

1. Were the Defts., or either of them, negligent or their agent negligent in one or more of the following ways:

A. Failure to provide a safe place to work;

B. Failure to take proper precautionary steps to avoid injury to the Pltf?"

At the pretrial, defendants submitted an exhibit, which was admitted, namely a power of attorney executed by Eduardo Robles for Supreme Meats and Meat King Markets conferring full authority on Ernesto Elias to act for Robles. Subsequent to the pretrial, Elias' attorney discovered that there was a Hartford Comprehensive General Liability policy in existence which had Elias' name on it. He therefore advised Hartford of the suit but the insurer declined to defend on the grounds of no coverage. Approximately 3 years later[1] in November, 1970, the action was tried to the court. [No court reporter was present]. The minute entry reflects that the only testimony presented was that of Mr. Villasenor. Also, that the power of attorney, and the information contained in answers to interrogatories and in depositions were to be included in the evidence as well as the relationship between the defendants. The court awarded plaintiffs the sum of $36,530.15 plus interest and signed a form written judgment at the conclusion of the hearing.

The following month, Villasenor as assignee of Elias, commenced the instant lawsuit against Hartford to recover the amount of the judgment entered against Elias in Cause No. 87672. The complaint alleged the existence of an insurance contract covering premises where Villasenor had been injured due to the negligence of Elias, that Hartford had wrongfully refused to afford coverage to Elias and had refused to defend him in Cause No. 87672. Hartford's responsive pleading admitted its refusal to defend Elias in the personal injury litigation and to pay any portion of the judgment against Elias.

Further discovery procedures were undertaken and both parties moved for summary judgment. It was stipulated that all depositions and discovery in this case and the personal injury suit could be considered by the court.

The court, in granting the plaintiffs' motion for summary judgment against Hartford indicated that it had considered all the evidence, including the file in Cause No. 87672, and expressly found that Hartford had issued a policy of insurance which provided liability insurance coverage for "the named insured Ernesto Elias" as of the date of an accident which injured Villasenor on July 23, 1964; that Villasenor had recovered a judgment against Elias in the amount of $36,530.51 which had not been paid; that Hartford had a duty to pay the damages because of bodily injury suffered by Villasenor according to the terms of the policy and therefore was obligated to pay the judgment entered in his favor; and that none of the exclusions and endorsements of Hartford's policy applied to deny coverage to Elias or his assignee. Hartford appealed claiming summary judgment in favor of appellees was erroneous and that its motion for summary judgment should have been granted. Our review of the record leads us to conclude that Hartford's position is correct.

Hartford's policy agreed to pay on behalf of its insured, subject to policy exclusions, all sums which the insured "shall become legally obligated to pay as damages because of bodily injury, . . . sustained by any person and caused by accident." (Coverage B). One of the policy exclusions eliminated Coverage B, (except in a situation not applicable here) as to "bodily injury . . . of any employee of the insured arising out of and in the course of his employment by the insured".

---

1. During the 3 year period, the same attorney continued to represent Elias but there was a substitution of counsel for the plaintiff. Additional extensive discovery was conducted by the plaintiff's counsel and on October 30, 1970, the plaintiff and Elias entered into a written agreement that any judgment against Elias would be satisfied only out of "proceeds of insurance and from no other source".

We do not agree with the trial court's conclusion that this employee exclusion did not apply. It is true that an insurance company which refuses to defend an action under circumstances where it has a duty to do so is bound by facts determined in the trial of such action. Herendeen v. United States Fidelity & Guaranty Company, 19 Ariz.App. 399, 507 P.2d 1011 (1973). The application of this doctrine of collateral estoppel, however, is limited to those facts essential to the judgment of tort liability. An insurer, when sued upon the policy, can present any defenses not inconsistent with the judgment against its insured. Geddes & Smith, Inc. v. St. Paul-Mercury Indemnity Company, 51 Cal.2d 558, 334 P.2d 881 (1959). Just as the judgment against the insured in the prior action is conclusive against the insurer as to facts therein established, it is equally conclusive as to the insured. 46 C.J.S. Insurance § 1251.

In Cause No. 87672 the issues were whether Villasenor was an employee of Elias and if so, whether Elias breached his duty to furnish a safe place to work. Elias denied that he was the owner of the business and consequently was not the employer. There could have been no recovery against Elias without a finding that he was Villasenor's employer. Under these circumstances, since the finding of employment was essential to the judgment, the prior judgment was conclusive upon Villasenor. Maryland Casualty Company of Baltimore v. Sturgis, 198 Ark. 574, 129 S.W.2d 599 (1939); State Farm Mutual Automobile Insurance Company v. Phillips, 210 Ind. 561, 2 N.E.2d 989 (1936). Also essential to the prior judgment is the determination that the bodily injury arose out of and in the course of employment, hence it is conclusive of such fact. Clinchfield Railroad Company v. U.S.F. & G. Company, 263 F.2d 932 (6th Cir. 1959).

The insurance policy provision excluding liability for bodily injury to employees of the insured, arising out of and in the course of employment by the insured, is not ambiguous. The judgment in the lawsuit against Elias adjudicated that Villasenor was an employee of Elias and engaged in such employment at the time of the accident. Appellees were therefore estopped to question that adjudication in the instant case when Hartford invoked the exclusionary provision in its policy.

We find no merit in appellees' argument that the judgment in the tort action is sustainable on the theory of liability of an owner of land. The record in the personal injury action reflects no such issue. However, assuming arguendo that at trial the issues delineated in the pretrial order were broadened, there was no evidence that Elias owned the premises. In fact, the contrary appears.

An insurance company, denying coverage, has the burden of showing that the loss is within a policy exclusion. Pacific Indemnity Company v. Kohlhase, 9 Ariz.App. 595, 455 P.2d 277 (1969). This Hartford accomplished by invoking the doctrine of collateral estoppel.

The judgment is reversed and the cause remanded with directions to enter judgment in favor of appellant.

KRUCKER, J., and ROBERT B. BUCHANAN, Judge of the Superior Court, concur.

NOTE: Judge LAWRENCE HOWARD having requested that he be relieved from consideration of this matter, Judge ROBERT B. BUCHANAN was called to sit in his stead and participate in the determination of this decision.