601 P.2d 1360

**Thomas R. FULLER and Terri Fuller, his wife, Appellants,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.**

**No. 1 CA–CIV 4009.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 30, 1979.

---

Beer & Kalyna, P. C. by Donald P. Roelke and Olgerd W. Kalyna, Phoenix, for appellants.

Snell & Wilmer by Douglas W. Seitz and John J. Bouma, Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

This is an appeal from a summary judgment in a garnishment action in favor of Hartford Insurance Company, defendant-appellee, and against Thomas R. Fuller and his wife, plaintiff-appellants. The appeal relates to an automobile accident that occurred on March 31, 1975, in which Thomas R. Fuller was injured while a passenger in a vehicle driven by Almer Lee Fagin. As a result of that accident, Mr. Fuller and his wife (Fullers), filed a complaint for damages against several defendants, including Almer Lee Fagin and Shirley Fagin, his wife. It was alleged in the complaint that the accident was caused by the negligence of Almer Fagin, that he was a resident of Shirley Fagin's household and that he was acting on behalf of the marital community at the time of the accident.

Shirley Fagin was insured by Hartford Accident and Indemnity Company (Hartford) at the time of the accident. Fullers' attorney advised Hartford that they considered both Almer and Shirley Fagin to be covered by the Hartford policy. Hartford defended Shirley Fagin (and obtained summary judgment in her favor) but refused to defend Almer Fagin. The basis for Hartford's refusal to defend was that Almer Fagin was not covered by his wife's policy because he was not a resident of her household. A default judgment was entered against Almer Fagin because of his failure to appear and defend the suit.

Fullers brought a garnishment-type of action against Hartford on Shirley Fagin's policy seeking payment of the default judgment entered against Almer Fagin. All parties are in agreement that for Almer Fagin to be covered under his wife's insurance policy he had to be a resident of her household at the time of the accident. The complaint against Hartford did not allege that he was a resident of the insured's household at the time of the accident. Fullers' theory of recovery was that the default judgment against Almer Fagin admits all factual allegations of their complaint, including the allegation therein that Almer Fagin was a resident of his wife's household. They argued that Hartford was barred by the doctrine of *res judicata* from litigating in the subsequent suit whether or not Almer Fagin was actually a resident of the insured's household.

Both parties moved for summary judgment. The trial court allowed Hartford to submit an affidavit that showed Almer Fagin was not a resident of Shirley Fagin's household. Fullers did not controvert the affidavit. The superior court entered judgment for Hartford from which Fullers appeal.

The issue before this court is whether the default judgment against Almer Fagin had a *res judicata* effect in the garnishment action that precluded Hartford from litigating, and the superior court from considering, the question of Almer Fagin's residence in the garnishment action. We hold that it did not preclude Hartford from raising the defense and therefore the summary judgment in favor of Hartford was properly granted.

Appellants' rights against Hartford rise or fall with their contention that *res judicata* precluded Hartford from litigating the factual question of where Almer Fagin resided at the time of the accident. At the outset, we will define *res judicata* and clari-

fy the distinction between it and collateral estoppel.

" 'Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive as to every point decided therein and also as to every point raised by the record which could have been decided, with respect to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.' *Hoff v. City of Mesa*, 86 Ariz. 259, 261, 344 P.2d 1013 at 1014 (1959).

The United States Supreme Court has described the distinction between res judicata and collateral estoppel in the following terms:

'The basic distinction between the doctrines of *res judicata* and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of *res judicata*, a judgment "on the merits" in a prior suit involving the same parties or their privies bars the second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit.' *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955)." *Industrial Part Corp., v. U.S.I.F. Palo Verde Corp.*, 26 Ariz.App. 204 at 206, 547 P.2d 56 at 58. (1976).

Thus, it is clear that in this matter on review we are dealing with the application of collateral estoppel, or issue preclusion, as opposed to *res judicata*.

Appellants sought to preclude Hartford from litigating, in the garnishment action, the question of where Almer Fagin resided at the time of the accident. Appellants' argument was that "[a] necessary question to be resolved in the underlying action was the nature of any judgment against Almer Fagin—whether it was a community or separate obligation. This required the resolution of the factual issue of his residence at the time of the accident."

We are guided by the rule stated in *Hartford Accident & Indemnity Co. v. Villasenor*, 21 Ariz.App. 206 at 209, 517 P.2d 1099 at 1102 (1974):

"It is true that an insurance company which refuses to defend an action under circumstances where it has a duty to do so is bound by facts determined in the trial of such action. *Herendeen v. United States Fidelity & Guaranty Company*, 19 Ariz.App. 399, 507 P.2d 1011 (1973). The application of this doctrine of collateral estoppel, however, is limited to those facts essential to the judgment of tort liability. An insurer, when sued upon the policy, can present any defenses not inconsistent with the judgment against its insured. *Geddes & Smith, Inc. v. St. Paul-Mercury Indemnity Company*, 51 Cal.2d 558, 334 P.2d 881 (1959)."

Hartford was not precluded from litigating the question of Almer Fagin's residence because it was a non-essential fact to the judgment finding him negligent. Further indication that residence was irrelevant to the judgment against Almer Fagin is the fact that the trial court entered a summary judgment in favor of Mrs. Fagin and thereby established that the judgment was not a community obligation.

Appellants contend that a holding in their favor is mandated by the case of *Dairyland Ins. Co. v. Richards*, 108 Ariz. 89, 492 P.2d 1196 (1972). With this we cannot agree.

In *Dairyland*, a personal injury action arising out of an automobile accident was brought against Pete O'Field and Raymond and Eula Sherfield. Dairyland insured O'Field under a policy that provided coverage when he was operating non-owned vehicles. The complaint in tort alleged that the automobile involved in the accident was driven by O'Field as agent for the Sherfields as owners. None of the defendants answered the complaint. Dairyland refused to defend O'Field because it believed he owned the vehicle at the time of the accident. A default judgment was entered

against each and every defendant. Subsequent thereto, the plaintiff served a writ of garnishment upon the Dairyland Insurance Company. A hearing was held at which evidence established that O'Field in fact owned the automobile that hit Richards. The Arizona Supreme Court affirmed the trial court's grant of summary judgment against Dairyland on the basis that the default judgment established that O'Field was the agent of Sherfields, owners, and therefore *res judicata* precluded Dairyland from later questioning ownership of the vehicle.

*Dairyland* is distinguishable from the case at bar. The question of ownership there was an essential fact to the judgment of tort liability. To find both O'Field and the Sherfields liable, it was essential to find that the Sherfields owned the vehicle and that O'Field was their agent. Sherfields would not have had a judgment entered against them in that case if the trial court had determined O'Field was the owner. On the contrary, here, Almer Fagin's residence was not an essential fact to the judgment against him.

Appellants attached significance to the fact that they tendered defense of the action against Almer Fagin to Hartford and that it refused to defend. In *Kepner v. Western Fire Insurance Company*, 109 Ariz. 329, 509 P.2d 222 (1973), decided after *Dairyland, supra,* the Arizona Supreme Court held that there is no absolute duty to defend an individual when the alleged facts ostensibly bring the case within the policy coverage but other facts which are not reflected in the complaint plainly take the case outside the policy coverage. As one of the bases for the rule, the court foresaw the exact situation here when it said:

"[T]here are many cases, . . . where the allegation of facts in the complaint, even if proved, will not be decisive as to the obligation of the insurer to pay the resulting judgment. . . . As the Supreme Court of Iowa said in the recent case of *New Hampshire Ins. Co. v. Christy,* Iowa 200 N.W.2d 834, 838 (1972):

'The allegations in a pleading are not, in all circumstances and situations, the decisive factor in determining whether there exists a duty on the part of the insurance company to defend. *This is especially true when the duty to defend depends upon a factual issue which will not be resolved by the trial of the third party's suit against the insured, the duty to defend may depend upon the actual facts and not upon the allegations in the pleading.*' " (Emphasis Supplied) 109 Ariz. at 331, 509 P.2d at 224.

Hartford was free to litigate the question of Almer Fagin's residence in the garnishment action. In support of its motion for summary judgment, it filed the affidavit of Shirley Fagin wherein she testified in substance that Almer Fagin did not reside with her at the time of the accident and had not since April, 1973, and that she was not aware of his March, 1975 trip, and that it was not undertaken for a community purpose. The affidavit was uncontroverted and therefore the facts stated therein must be taken as true.

"[T]he purpose of controverting affidavits; if the party resisting the motion for summary judgment fails to establish, through the use of controverting affidavits, that a genuine issue of material fact exists, then the facts stated in movant's affidavits are taken as true. (Citations omitted) In such a circumstance, summary judgment is mandatory unless the papers of the movant do not establish that he is entitled to a judgment as a matter of law. (Citations omitted). *Gillard v. Estrella Dells I Improvement District,* 25 Ariz.App. 141 at 149, 541 P.2d 932 at 940 (1976).

Finding that Almer Fagin was not a resident of Shirley Fagin's household and therefore not covered under her insurance policy, the trial court properly entered summary judgment for Hartford.

Judgment affirmed.

FROEB, Acting P. J., and HAIRE, J., concur.