108 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Donald E. DAVIS, Debtor.
Gary FEEZOR, Plaintiff-Appellee,
v.
Donald E. DAVIS, Defendant-Appellant.
 No. 95-56230.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1996.*
Decided Dec. 16, 1996.
 
 Before: PREGERSON, D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor Donald E. Davis appeals from the district court's order affirming the bankruptcy court's grant of summary judgment to Gary Feezor. We have jurisdiction under 28 U.S.C. § 158(d), and we reverse.
 
 
 3
 * Gary Feezor obtained a default judgment for $1,141,500.00 against Donald Davis in Arizona superior court on a complaint alleging several state claims, including common law fraud. Davis filed for bankruptcy under Chapter 7. Feezor filed a complaint asking the bankruptcy court to determine that the Arizona judgment debt was non-dischargeable under § 523(a)(2) of the Bankruptcy Code. Section 523(a)(2) provides that a discharge in bankruptcy does not discharge an individual debtor from debts for, inter alia, money obtained by false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2).
 
 
 4
 After Davis answered the complaint, Feezor moved for summary judgment on the grounds that the Arizona judgment precluded the bankruptcy court from litigating whether Davis obtained the money at issue by fraud. The bankruptcy court, applying principles of collateral estoppel, held that Davis' debt on the Arizona judgment was non-dischargeable under 11 U.S.C. § 523(a)(2).
 
 
 5
 We review the bankruptcy court's grant of summary judgment de novo. In re Daily, 47 F.3d 365, 367 (9th Cir.1995).
 
 II
 
 6
 Where a creditor reduces his fraud claim to a valid and final judgment, "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)." Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991). To determine the preclusive effect of a state court judgment, we refer to the law of the state that rendered the judgment. 28 U.S.C. § 1738; Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380-82 (1985); In re Nourbakhsh, 67 F.3d 798, 800 (9th Cir.1995) (per curiam). The district court, referring to Dairyland Ins. Co. v. Richards, 492 P.2d 1196 (Ariz.1972) (en banc), concluded that Arizona courts accord collateral estoppel effect to default judgments. Davis contends that the district court overlooked superseding precedent.
 
 
 7
 In Dairyland, the Supreme Court of Arizona applied "res judicata" to preclude relitigation of one issue in a subsequent garnishment proceeding. The court held that "[t]he judgment entered, although by default, is conclusive and res judicata on all issues which were or could have been litigated and is not subject to collateral impeachment at a subsequent time." Id. at 1198. Like other cases now considered suspect under current Arizona law, Dairyland seems to "blur[ ] the distinction between issue and claim preclusion" where a prior claim was resolved by default. See Circle K Corp. v. Industrial Comm'n of Ariz., 880 P.2d 642, 646 (Ariz.Ct.App.1993).
 
 
 8
 More recent pronouncements of the Supreme Court of Arizona have undermined, if not obliterated, Dairyland's application to collateral estoppel. In Chaney Bldg. Co. v. City of Tucson, 716 P.2d 28 (Ariz.1986) (en banc), the Arizona Supreme Court expressly distinguished collateral estoppel from res judicata:
 
 
 9
 Under the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Collateral estoppel or issue preclusion is applicable when the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment.
 
 
 10
 Id. at 30 (citations omitted).
 
 
 11
 For collateral estoppel to apply, unlike res judicata, the prior suit must have "actually litigated" the issue or fact. As Chaney explains, "[w]hen an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated. However, in the case of a judgment entered by confession, consent or default, none of the issues is actually litigated." Id. at 30 (citing Restatement (Second) of Judgments § 27 cmts. d, e).
 
 
 12
 Feezor dismisses this analysis as dicta because Chaney applied collateral estoppel principles to a stipulated judgment rather than a default judgment. We decline to segregate so narrowly the opinion's "result" from "those portions of the opinion necessary to that result." Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1129 (1996) (citations omitted). The Arizona Court of Appeals, for instance, did not hesitate to assert, citing only Chaney, that "in the case of a judgment entered by default, issue preclusion is not applied, because none of the issues is litigated." Circle K, 880 P.2d at 645 (citing Chaney, 716 P.2d at 30).
 
 
 13
 Thus, applying Arizona preclusion principles, Marrese, 470 U.S. at 380-82, the default judgment against Davis does not preclude the bankruptcy court from litigating the issue of fraud under § 523(a)(2)(A).
 
 III
 
 14
 For the foregoing reasons, we reverse the bankruptcy court's grant of summary judgment and remand the case for further proceedings in accordance with this disposition.
 
 
 15
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3