NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KALAMATA THREE BROTHERS LLC, *Plaintiff/Appellee*,

*v.*

TAHAN LAW OFFICE PLLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 25-0745

FILED 06-16-2026

Appeal from the Superior Court in Maricopa County
No. CV2012-011275
The Honorable Brian Kaiser, Judge, *Pro Tempore*

**AFFIRMED**

COUNSEL

Thorpe Shwer, P.C., Phoenix
By Caroline Larsen (argued), Maxwell K. Shanahan, Gaetano V. Forte
*Counsel for Defendants/Appellants*

Law Office of James R. Vaughan, P.C., Scottsdale
By Brian K. Partridge (argued)
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1          Raya Tahan and Tahan Law Office PLLC ("Appellants") appeal the superior court's entry of default judgment in favor of Kalamata Three Brothers, LLC ("Kalamata"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Tahan and her former law firm, Tahan Law Office PLLC, represented Kalamata unsuccessfully in a real estate dispute, resulting in a large judgment against Kalamata in 2010. Kalamata later alleged Appellants committed legal malpractice in that action. Upon losing at trial, Kalamata retained new counsel and sought to set aside the judgment.

¶3          In 2012, Kalamata filed suit in superior court against Appellants seeking damages for legal malpractice. Several times, Kalamata unsuccessfully attempted to serve Appellants. As a result, Kalamata moved for an extension of time for service of process and authorization to use alternative methods of service. The court granted Kalamata's request and permitted Kalamata to serve process via certified mail after two additional attempts at personal service. The court also required Kalamata to direct these attempts at addresses produced in response to a subpoena to the State Bar of Arizona for Appellants' contact information. After the additional attempts to complete personal service failed, the process server mailed the documents as directed by the court's order.

¶4          Appellants then failed to respond to the Complaint. In January 2013, Kalamata filed and mailed a Notice and Application for Entry of Default (the "Application") to "Tahan Law Office, PLLC/Attn: Raya Tahan." But again, Appellants failed to respond, and so Kalamata sought default judgment against Appellants. Appellants still did not respond, and the court entered the judgment in March 2013.

¶5 Twelve years later, in April 2025, Appellants moved to vacate the judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 60(b). After holding argument and reviewing the motion and Kalamata's response, the court denied the motion to vacate the judgment in August 2025.

¶6 Appellants timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes Section 12-2101(A)(2).

## DISCUSSION

### I. Kalamata Properly Served Appellants Through Alternative Means and the Judgment is Affirmed.

¶7 Appellants argue the court erred in denying their Rule 60(b) motion because service was defective, rendering the judgment void. We generally review denial of a motion under Rule 60(b) for an abuse of discretion, *Ezell v. Quon*, 224 Ariz. 532, 536 ¶ 15 (App. 2010),[1] but we review de novo whether a default judgment is void and should be vacated pursuant to Rule 60(b)(4), *BYS Inc. v. Smoudi*, 228 Ariz. 573, 578 ¶ 18 (App. 2012).

#### A. Adequacy of Alternative Service

¶8 Appellants first argue the default judgment is void for lack of proper service because alternative service was improperly authorized. We review de novo whether service was proper, but we defer to the court's factual findings unless they are clearly erroneous. *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018). We view "the facts in the strongest light possible in favor of supporting the trial court's decision[.]" *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 219 ¶ 10 (App. 2000) (quoting *Daou v. Harris*, 139 Ariz. 353, 360 (1984)).

---

[1] Effective January 1, 2017, the Arizona Rules of Civil Procedure were restyled, moving the content of former Rule 60(c) into what is now Rule 60(b). While pre-2017 cases refer to this provision as Rule 60(c), this decision references it as Rule 60(b). *Compare* Ariz. R. Civ. P. 60(c) (1987), *with* Ariz. R. Civ. P. 60(b) (2017).

**¶9** Service by alternative means is governed by Rule 4.1(k). Under that rule, "[i]f a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are impracticable, the court may . . . order that service may be accomplished in another manner." Rule 4.1(k)(1). The standard for impracticability "requires something less than the 'due diligence' showing required before service by publication may be utilized." *Blair v. Burgener*, 226 Ariz. 213, 218 ¶ 16 (App. 2010). It requires that service be "extremely difficult or inconvenient[,]" not impossible. *Id.* at ¶ 17.

**¶10** Here, Kalamata attempted service multiple times in December 2012 and the process server stated in their affidavit that "residents at address appear to be avoiding service." These circumstances were sufficient to demonstrate that service by the usual means would have been "extremely difficult or inconvenient[,]" and therefore impracticable. *Id.* at 219 ¶ 18. Because its multiple attempts to serve Tahan were unsuccessful, Kalamata moved to extend time for service and to provide service via certified mail to all addresses produced pursuant to a subpoena that had been served on the State Bar of Arizona. Since Kalamata had made multiple attempts at personal service, the court was permitted to "order that service may be accomplished in another manner." Ariz. R. Civ. P. 4.1(k)(1). As such, the court properly granted Kalamata's requests for an extension and alternative means of service.

**¶11** Appellants further argue Kalamata did not adequately show standard methods of service were impracticable because Kalamata did not try to contact Tahan "via telephone, email, or even social media to verify her correct address" prior to obtaining permission to use alternative methods of service. But Rule 4.1 does not expressly require attempted contact by any of these means before a court may authorize alternative service and we decline to interpret the Rules to imply such a requirement. A general showing of impracticability is sufficient.

**¶12** Kalamata complied with Rule 4.1's stated requirements, and we hold the court properly authorized alternative service. Kalamata properly served Appellants by sending notice via certified mail to the address provided in the subpoena in December 2012. The judgment is not void for improper service.

### B. Adequacy of Service of Notice of Default

¶13 Appellants further argue Kalamata failed to adequately serve the Application on Raya Tahan individually because Kalamata mailed only one copy to the address supplied by the State Bar of Arizona, and that one copy was addressed to "Tahan Law, PLLC/ Attn: Raya Tahan." Raya Tahan thus argues the ten-day period for her to cure the default never began to run and the resulting judgment was void as to her personally. Rule 55(a)(3)(A) requires a party requesting entry of default to "mail a copy of the application for entry of default to the last-known mailing address for the party claimed to be in default." But the purpose of this requirement is to give the defendant an opportunity to cure its default. *See Richas v. Superior Court*, 133 Ariz. 512, 514 (1982) (defendant filed an affidavit explaining their failure to answer after being provided notice of default). If the required notice is not provided, the trial court is required to set aside the resulting default judgment under Rule 60(b)(4). *Ruiz v. Lopez*, 225 Ariz. 217, 223 ¶ 21 (App. 2010).

¶14 The party against whom default is sought "should receive the best notice practicable under the circumstances[.]" *Id.* at 221 ¶ 15. However, as the court's order granting alternative service due to impracticability shows, sending the Application via certified mail was the best notice practicable under these circumstances. Further, both Appellants shared the same address, the Application was properly sent via certified mail to the Appellants according to the court's order, and Appellants do not allege the Application did not arrive in time to act upon it. We discern no reversible error sufficient to void the judgment simply because Appellants were mailed one copy of Kalamata's notice of default, which bore both Appellants' names on the addressing label. To hold otherwise would impermissibly elevate form over substance. Thus, the single notice mailed to Appellants' single address constitutes adequate service.

## II. We Affirm the Court's Determination of Damages.

¶15 Appellants argue the judgment included amounts Kalamata was not entitled to recover and was excessive, thus the court erred in refusing to vacate the damages under Rule 60(b)(4) as a void judgment. Appellants further contend that because the Complaint did not contain a specified amount for damages, the court was required to conduct a hearing to determine what damages to award and therefore, relief under Rule 60(b)(6) is warranted. We consider these arguments in turn.

### A.      Appellants are not entitled to relief under Rule 60(b)(4).

¶16        To qualify for relief under Rule 60(b)(4), the judgment in question must be void. Appellants correctly observe that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Ariz. R. Civ. P. 54(d). Thus, "[o]ne cannot recover judgment by default for a sum or for relief in excess of that warranted by the pleadings." *S. Ariz. Sch. For Boys, Inc. v. Chery*, 119 Ariz. 277, 283 (App. 1978). And "[a] judgment in a default case that awards relief that either is more than or different in kind from that requested is null and void." *Id.*

¶17        But here, the complaint sought an award of money damages, which is the same relief granted in the judgment. Thus, the judgment in this case is not different in kind.  Kalamata's complaint sought "damages in an amount to be proven at trial." Despite Appellants' argument to the contrary, this does not mean the default judgment, which awarded a specific sum, was excessive. We look to *Dairyland Insurance Co. v. Richards*, 108 Ariz. 89 (1972), as instructive. In *Dairyland*, a plaintiff's complaint sought damages "in a sum which is reasonable and just." *Id.* at 91. Our supreme court called such designations "a sum indefinite in amount" and determined that entry of a default judgment for a specific amount notwithstanding their use did not offend Rule 54(d). *Id.* In this case, Kalamata's complaint also requested a sum indefinite in amount, and the judgment entered by the superior court in 2013 for a definite amount of damages similarly did not violate Rule 54(d). As in *Dairyland*, the Appellants were required to "assume that a judgment might be ultimately entered in some amount." *Id.*

¶18        Here, the court found the judgment was not excessive. To the extent Appellants ask us to revisit the court's award of damages to determine that it is excessive, we decline to do so because "[a] judgment is conclusive as to damages[.]" *Id.*; *see also Hilgeman*, 196 Ariz. at 218 ¶ 7 ("[W]e will not second-guess or substitute our judgment for that of the trial court." (quoting *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 188 (App. 1992))).

### B.      Appellants are not entitled to relief under Rule 60(b)(6).

¶19        Finally, Appellants seek relief under Rule 60(b)(6). But such relief must be sought "within a reasonable time[.]" Ariz. R. Civ. P.  60(c)(1); *Hilgeman*, 196 Ariz. at 220 ¶ 15. Here, the court noted Appellants had a long and unexplained delay of twelve years in challenging the judgment and failed to show a meritorious defense. The record supports the court's

finding that Appellants failed to seek Rule 60(b) relief within a reasonable time.

**¶20**      The court did not err in denying Appellants' motion to vacate the default judgment under Rule 60(b)(4) or (6).

**CONCLUSION**

**¶21**      We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR