504 P.2d 546

**ST. PAUL FIRE & MARINE INSURANCE
COMPANY, Appellant,**

v.

**Joseph MUNIZ, Jr., et al., Appellees.**

**No. 2 CA–CIV 1189.**

Court of Appeals of Arizona,
Division 2.

Dec. 29, 1972.

Everett, Bury & Moeller, P. C., by David C. Bury, Tucson, for appellant.

W. Mercer Bouldin, Tucson, for appellees.

HATHAWAY, Judge.

This is an appeal from a declaratory judgment action adjudging plaintiff insurance company liable on an automobile insurance policy issued to Joseph Muniz and the relatives residing in his home.

Gary Muniz, the driver of a Plymouth dune buggy, was involved in an accident in which Timothy O'Haire, a passenger in the automobile, was injured. Timothy O'Haire, through his guardian *ad litem,* Robert O'Haire, brought an action against Gary Muniz and his parents, alleging that Timothy's injuries resulted from Gary's negligence. St. Paul Fire and Marine Insurance Company, the Muniz' automobile insurance carrier, brought this declaratory judgment action praying that it be adjudged not liable on the policy. Its position was that the provisions of its insurance policy did not provide coverage in this specific situation.

Gary Muniz, the minor son of Joseph and Norma Jean Muniz, resided with his parents and was an insured under the policy. On October 18, 1969, Gary purchased a Plymouth dune buggy from Ed Jones for $35.00. He took possession of the dune buggy under a bill of sale but at no time did he receive a certificate of title. When Joseph Muniz learned of the dune buggy purchase, he ordered Gary to return the dune buggy to Ed Jones, or otherwise dis-

pose of it. Two days later, while Gary Muniz was attempting to return the dune buggy, the accident occurred.

The policy issued by the appellant insurance company provides that the company will pay the damages, for which the insured is found liable "arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile." The policy defines an owned automobile as one listed in the policy for which a specific premium has been paid. A "non-owned" automobile is defined as an automobile not owned by or furnished for the regular use of either the named insured or any relative other than a temporary substitute automobile.

Appellant contends that Gary Muniz had purchased and was the owner of the dune buggy and since it was not listed in the policy as an owned automobile for which a premium had been paid, it was excluded from coverage. The question on appeal is whether the policy definition is controlling. In Dairyland Ins. Co. v. Richards, 13 Ariz.App. 324, 476 P.2d 530 (1970), vacated on other grounds, 108 Ariz. 89, 492 P.2d 1196 (1972), we ruled that the definition of "owner" in A.R.S. § 28–130 would be controlling in determining who is an "owner" for purposes of an insurance policy. While Dairyland was vacated upon other grounds, our Supreme Court expressed reservations with respect to our acceptance of this definition for purposes of an insurance policy. Having reconsidered our previous position, we now reach a different conclusion for the following reasons.

In Civil Service Employees Ins. Co. v. Roberts, 10 Ariz.App. 512, 460 P.2d 48 (1969), this court stated that the word "owner" usually refers to someone having a proprietary interest beyond that of a mere bailee, and in some situations it refers to the holder of legal title as defined in A.R.S. § 28–130, which provides:

" 'Owner' means a person who holds the legal title of a vehicle or, if a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, the conditional vendee or lessee, or, if a mortgagor of a vehicle is entitled to possession, the mortgagor."

The situations in which the definition of "owner", as found in A.R.S. § 28–130, are controlling, are those in which the word is found within the provisions of Title 28 of Ariz.Rev. Statutes.

The "Certificate of Title" establishes prima facie title to the automobile in the person named in the certificate, Pac. Fin. Corp. v. Gherna, 36 Ariz. 509, 287 P. 304 (1930); however, A.R.S. § 28–130 is not controlling in all circumstances related to articles found in Title 28 of the A.R.S. Price v. Universal C. I. T. Credit Corp., 102 Ariz. 227, 427 P.2d 919 (1967). The issue in Price, was whether the holder of a security interest in an automobile had priority over a good faith purchaser of the secured automobile. The case involved two consecutive purchases of the automobile in question. The first purchaser received the automobile from the dealer (the dealer having borrowed the money from the lienholder) on a conditional sales contract. The first transaction would not support a position on the non-applicability of A.R.S. § 28–130, because under the definition, a conditional vendee is also considered an owner. However, the first purchaser then sold the automobile to a second purchaser without having transferred a certificate of title.

The lienholder therefore alleged that the subsequent purchaser did not have ownership since the parties had not complied with the statutes of the State of Arizona in that the legal title to the automobile had not been transferred. The court held that, although the certificate of title to the auto-

mobile had not been transferred, the first purchaser could deliver good title, and thus valid ownership, to the second purchaser. The *Price* court, adopting language from the Court of Appeals for the District of Columbia, explicitly stated:

" . . . The statute provides only that the 'owner' shall first obtain a certificate. But it nowhere provides that he is any less the owner because he fails to do so." 427 P.2d at 924.

Based on *Price*, we hold that the definition in A.R.S. § 28–130, is limited to those situations in which the word "owner" is found within the provisions of Title 28.

Appellees argue that Gary Muniz was not the owner of the dune buggy because he had intended to rescind the contract on the basis of his minority. It is true that a contract entered into with a minor is voidable, however the contract is not disaffirmed until notice of disaffirmance is communicated to the other party. Almada v. Ruelas, 96 Ariz. 155, 393 P.2d 254 (1964); Clark v. Stites, 89 Idaho 191, 404 P.2d 339 (1965). Here the intention to disaffirm the contract was never communicated to the seller of the dune buggy, therefore the contract was never avoided.

While insurance contracts are construed most favorably to the insured where the meaning of the language is doubtful, such rule is inapplicable when the language is not doubtful and is defined within the contract itself. U. S. Fidelity & Guaranty Co. v. Cal.-Ariz. Const. Co., 21 Ariz. 172, 186 P. 502 (1920). Therefore, we find that "ownership" has been defined by the contract, and as such the terms of the contract exclude coverage. We find appellant not liable on the policy.

Reversed.

KRUCKER, C. J., and HOWARD, J., concur.