## MOORE v FORD MOTOR CREDIT COMPANY

Docket No. 94546. Submitted November 3, 1987, at Grand Rapids.
Decided February 1, 1988. Leave to appeal applied for.

Mark A. Moore, Dawn M. Moore, Albert L. Moore, Jr., and David
S. Moore were injured when the motor vehicle they were riding
in was involved in an accident. Their vehicle was titled in the
name of Ford Motor Credit Company and leased to Darlene
Moore on a conditional lease giving the lessee a right to
purchase and the right to immediate possession. Albert L.
Moore, for himself and on behalf of his injured children, and
others brought an action in the Kent Circuit Court against
Ford Motor Credit, and others. Ford Motor Credit brought a
third-party complaint against Allstate Insurance company. The
court, Stuart Hoffius, J., granted partial summary judgment in
favor of plaintiff declaring that Ford Motor Credit was an
owner within the meaning of the owner's liability statute. Ford
Motor Credit appealed.

The Court of Appeals *held:*

A lessor of a motor vehicle subject to a conditional lease
giving the lessee a right to purchase and an immediate right to
possession is not an "owner" within the meaning of the owner
liability statute.

Reversed and remanded.

AUTOMOBILES — OWNER LIABILITY STATUTE — LESSORS — CONDI-
TIONAL LEASES.

A lessor of a motor vehicle subject to a conditional lease giving
the lessee a right to purchase and an immediate right to
possession is not an "owner" within the meaning of the owner
liability statute (MCL 257.37; MSA 9.1837).

### REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 649, 673.

Commercial renter's negligence liability for customer's personal
injuries. 57 ALR4th 1186.

Construction and application of statute imposing liability expressly
upon motor vehicle lessor for damage caused by operation of
vehicle. 41 ALR4th 993.

Comment Note.—Who is "owner" within statute making owner
responsible for injury or death inflicted by operator of automo-
bile. 74 ALR3d 739.

*Bergstrom, Slykhouse, Quinn & Vole, P.C.* (by *Robert G. Quinn, Jr.*), for Albert L. Moore.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendant Ford Motor Credit Company.

*Nelson & Kreuger, P.C.* (by *Steven L. Kreuger*), for defendant Allstate Insurance Company.

Before: WAHLS, P.J., and BEASLEY and D. A. BURRESS,* JJ.

D. A. BURRESS, J. This is an appeal as of right from the Kent Circuit Court which granted partial summary disposition in favor of plaintiff Albert L. Moore, by himself and as next of friend of his children, Mark Adam Moore, Dawn Marie Moore, Albert Lewis Moore, Jr., and David Scott Moore.

On June 10, 1984, Darlene Moore, wife of Albert Moore, was driving a Ford Bronco which left the road and rolled over several times. The four previously named children were passengers in the vehicle and were injured in the accident.

Darlene Moore had leased the Ford Bronco from Jack Keller Ford, Inc., on January 23, 1984, and it subsequently assigned the lease to defendant Ford Motor Credit Company, the legal title holder.

Ford Motor Credit Company admitted that it was the owner of the Bronco when it answered the March 5, 1985, complaint which sought first-party no-fault benefits from it.

Ford Motor Credit Company denied ownership when answering a May 16, 1985, amended complaint which sought to hold it liable for the negligence of Darlene Moore under ¶ 41 of the civil liability act, MCL 257.401 *et seq.;* MSA 9.2101 *et*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*seq.,* on the grounds that plaintiff was the "owner" of the Bronco under MCL 257.37; MSA 9.1837.

The circuit court ultimately granted summary disposition in favor of plaintiff, finding that Ford Motor Credit Company was "an" owner of the vehicle based upon MCL 257.37; MSA 9.1837 and on defendant's admission of ownership contained in its answer to plaintiff's first-party no-fault benefits complaint.

### DISCUSSION

Plaintiff seeks to impose liability on defendant under MCR 257.401; MSA 9.2101 (§ 401), which reads in pertinent part as follows:

> Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires.

"Owner" is defined in MCL 257.37; MSA 9.1837 (§ 37):

> "Owner" means: (a) Any person, firm, association or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.
>
> (b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease

thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner.

No Michigan appellate court has previously addressed the issue whether a lessor of a vehicle subject to a conditional lease such as the lease involved in the present case, which gives the lessee a right to purchase and an immediate right to possession, is an "owner" for purposes of the owner liability statute.

*Matthews v Wosek,* 44 Mich App 706; 205 NW2d 813 (1973), which defendant vigorously contends was wrongly decided because Judge LEVIN misquoted § 37, did not involve a conditional lease with a right to purchase. The portion of subsection (b) not quoted by Judge LEVIN, which begins with "or in the event," was therefore not pertinent. In *Matthews,* this Court determined that subsections (a) and (b) are not mutually exclusive, and that the lessee, who was an owner under subsection (a), was not the sole owner of the vehicle. *Matthews, supra,* p 714.

Subsequent cases have construed § 37 as including in the definition of "owner" persons who (1) have exclusive control over the vehicle for at least thirty days, (2) are named on the legal title of the vehicle, or (3) are conditional vendees, lessees, or mortgagors with immediate right to possession. *Peters v Dep't of State Highways,* 66 Mich App 560, 564-565; 239 NW2d 662 (1976); *Basgall v Kovach,* 156 Mich App 323, 327; 401 NW2d 638 (1986). Under this construction, the second portion of subsection (b), which begins "or in the event," is a third means of being deemed an owner of a

vehicle. We believe that the second part of subsection (b) qualifies the first part, so that the legal title holder of a vehicle subject to a conditional lease is not an owner for purposes of the civil liability statute. In other words, § 37 excepts from its definition of "owner" a lessor such as defendant, and deems the lessee, here Darlene Moore, "*the* owner."

The construction given § 37 in *Peters* and *Basgall* renders the second part of subsection (b) mere surplusage. If the Legislature had not intended to except lessors such as defendant from the definition of "owner" then the second part of subsection (b) would not have been necessary. Every word of a statute should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971); *Michigan Harness Horsemen's Ass'n v Racing Comm'r,* 123 Mich App 388, 391; 333 NW2d 292 (1983).

Plaintiff argues that defendant is precluded from arguing that it was not an owner of the Ford Bronco because defendant did not properly deny plaintiff's allegation that defendant was the owner. In its answer to plaintiff's first complaint, defendant admitted that it was the owner of the vehicle driven by Darlene Moore. In its answer to plaintiff's amended complaint, defendant simply stated that plaintiff's allegation that defendant was the owner was not true. Under MCR 2.111(D), each denial must state the substance of the matters on which the pleader will rely to support the denial.

We do not believe that defendant's failure to conform to MCR 2.111(D) should be dispositive of this issue. It seems clear that defendant admitted its ownership of the Bronco in its first answer because it was the legal titleholder. A denial that

it was the titleholder would have been untrue. However, plaintiff's amended complaint sought to impose liability on defendant under the civil liability statute, giving the term "owner" a whole new meaning and allowing for defendant's denial of ownership based on its interpretation of § 37.

Accordingly, under subsection (b) of MCL 257.37; MSA 9.1837, defendant Ford Motor Credit Company was not "an owner" of the Ford Bronco driven by Darlene Moore.

The judgment of the circuit court is reversed and the matter is remanded to the circuit court for entry of an order not inconsistent with this opinion.