BARKSDALE v NATIONAL BANK OF DETROIT

KENNEY v NATIONAL BANK OF DETROIT

Docket Nos. 114702, 114925, 117771, 118058. Submitted July 19, 1990, at Detroit. Decided November 19, 1990, at 9:07 A.M. Leave to appeal sought.

Ivan R. Humphries leased a vehicle from a Cadillac dealership, which in turn assigned the lease to National Bank of Detroit. The lease was for a period of four years and included an option to purchase. Anthony Barksdale was injured in an automobile accident while riding in the vehicle as Humphries' passenger. Barksdale brought an action against NBD and others in the Wayne Circuit Court, premising the liability of NBD on the owner's liability statute and a theory of negligent entrustment. Anthony Kenney, a minor, through his next friend, Jodie A. Kenney, brought a separate action against NBD and others for loss of parental support, companionship, and society, premising the liability of NBD on the same bases as Barksdale. The court, John R. Kirwan, J., granted summary disposition in favor of NBD with regard to the owner's liability statute theory on the ground that NBD was not an owner of the vehicle under the Michigan Vehicle Code. The court, Richard C. Kaufman, J., subsequently granted summary disposition in favor of NBD regarding the negligent entrustment claims as well. The plaintiffs each filed separate appeals, which were consolidated.

The Court of Appeals *held:*

1. The legal title holder of a vehicle subject to a conditional lease, which gives the lessee a right to purchase and an immediate right of possession, is not an owner for purposes of the owner's liability statute. Rather, the lessee is deemed the owner. Thus, NBD, although it was the legal title holder of the vehicle, was not the owner of the vehicle for purposes of the statute and cannot be held liable under it. The fact that NBD admitted to being an owner of the vehicle in answers to

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 649, 673, 677, 958.

Comment Note—Who is "owner" within statute making owner responsible for injury or death inflicted by operator of automobile. 74 ALR3d 739.

pleadings does not alter the fact that, under the owner's liability statute, NBD was not an owner of the vehicle and no liability could be imposed upon NBD pursuant to the statute. The trial court properly granted summary disposition in favor of NBD on this issue.

2. The trial court properly granted summary disposition in favor of NBD with regard to the plaintiffs' claims of negligent entrustment. NBD was not the owner of the vehicle and therefore had no power to entrust it. Furthermore, even if NBD had been an owner of the vehicle, it would not have had a duty to prevent Humphries from leasing the vehicle even if it had knowledge of Humphries having a poor driving record, as alleged by the plaintiffs.

Affirmed.

1. AUTOMOBILES — CONDITIONAL LEASES — OWNER LIABILITY STATUTE.

The legal title holder of a vehicle subject to a conditional lease which gives the lessee a right to purchase and an immediate right of possession is not an owner for purposes of the owner's liability statute; rather, the lessee is deemed the owner (MCL 257.37, 257.401; MSA 9.1837, 9.2101).

2. AUTOMOBILES — LESSORS — DUTY TO INVESTIGATE — LESSEE'S DRIVING RECORD.

A lessor of a motor vehicle has no duty to investigate a potential lessee's driving record before accepting the lease, even though the lessor retains legal title to the vehicle during the lease period.

*Paul D. Sherr, P.C.* (by *Paul D. Sherr*), for Anthony Barksdale.

*Raymond L. Krell, P.C.* (by *Derek A. Hurt*), for Jodie A. Kenney.

*Romain, Donofrio, Kuck & Egerer, P.C.* (by *Jane Kent Mills*), for the defendant.

Before: SHEPHERD, P.J., and SAWYER and McDONALD, JJ.

SHEPHERD, P.J. In these consolidated actions, plaintiffs appeal the trial court's granting of sum-

mary disposition in favor of defendant, National Bank of Detroit. We affirm.

Plaintiff Anthony Barksdale was injured in an automobile accident on March 29, 1986, while riding as a passenger in a vehicle being driven by defendant Humphries. Humphries had leased the vehicle from a Cadillac dealership, which in turn had assigned the lease to defendant NBD. That lease extended for four years and included an option to purchase. Plaintiff Anthony Kenney is Barksdale's son, who filed a separate action for loss of parental support, companionship and society. In their respective complaints, plaintiffs premised the liability of defendant NBD on the owner's liability statute, MCL 257.401; MSA 9.2101, and a negligent entrustment theory. The trial court first granted summary disposition to defendant on the former theory, pursuant to MCR 2.116(C)(8), on the ground that while defendant was a title holder of the vehicle it was not an "owner" as defined by the Michigan Vehicle Code, MCL 257.37; MSA 9.1837. Later, summary disposition was granted to defendant on the negligent entrustment claim, pursuant to MCR 2.116(C)(10).

On the question whether defendant was an "owner" of the vehicle, we agree with the trial court that *Moore v Ford Motor Credit Co,* 166 Mich App 100; 420 NW2d 577 (1988), lv den 431 Mich 858 (1988), is controlling. Summary disposition on this aspect of plaintiffs' claims was granted pursuant to MCR 2.116(C)(8). A motion brought under this subrule tests the legal sufficiency of the claim by the pleadings alone and should be granted only when a claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Scameheorn v Bucks,* 167 Mich App 302, 306; 421 NW2d 918 (1988), lv den 430 Mich 886 (1988).

The civil liability of an owner of a motor vehicle is set forth in MCL 257.401; MSA 9.2101, which, at the time applicable provided in pertinent part:

Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires [sic]. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge.

MCL 257.37; MSA 9.1837, at the time applicable, defined a motor vehicle's "owner" as follows:

"Owner" means: (a) Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period of greater than 30 days.

(b) A person who holds the legal title of a vehicle or in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof with the right of purchase upon performance of the conditions in the agreement and with an immediate right of possession vested in the conditional vendee or lessee or in the event a mortgagor of a vehicle is entitled to possession, then such conditional vendee or lessee or mortgagor shall be deemed the owner.

In *Moore, supra,* p 104, a panel of this Court held that the legal title holder of a vehicle subject

to a conditional lease, which gives the lessee a right to purchase and an immediate right of possession, is not an owner for purposes of the owner's liability statute. That is, § 37 excepts from its definition of "owner" a lessor such as defendant and deems the lessee "the owner." Therefore, NBD, as such a lessor, was not the "owner" of the vehicle being driven by Humphries in the present action, even though NBD was the legal title holder.

The fact that NBD admitted in its answer and answers to request to admit to being an owner of the vehicle does not alter this result. As legal title holder, defendant could not properly deny such an ownership interest. If, as plaintiffs would urge, NBD could deny ownership and failed to do so intentionally or through oversight, the result is not altered. The statute says that the party in Humphries' position "shall be deemed the owner." This is mandatory language. One who, through a statutorily imposed legal fiction or otherwise is an owner may not be divested of that status by a pleading signed by another party. NBD's admission was not dispositive of the issue here since plaintiffs' complaints sought to impose liability under the owner's liability statute, "giving the term 'owner' a whole new meaning." *Moore, supra,* p 105. Defendant was not an "owner" for purposes of liability under MCL 257.401; MSA 9.2101, and the trial court properly so found.

With respect to plaintiffs' negligent entrustment claim, plaintiffs contend on appeal, as they did below, that there is a genuine issue of material fact regarding whether defendant should have known Humphries was an unfit driver because a review of Humphries' driving record would have revealed as much. From our review of the record, the bases for the trial court's granting of defendant's motion for summary disposition on this

issue are not entirely clear. It would appear the trial court found, relying on *Moore, supra,* that defendant was not the owner of the vehicle and thus had no power to "entrust" it and that, even if defendant was an owner, it had no duty to prevent Humphries from leasing the vehicle even if defendant had knowledge of the lessee's poor driving record. We believe it is the latter ground which supports the grant of summary disposition to defendant.

We have found, and plaintiffs have cited, no authority for the proposition that a lessor such as defendant has a duty to investigate a potential lessee's driving record before accepting the lease, even though the lessor retains legal title to the vehicle during the lease period. To impose such a duty upon lessors under long-term contracts, be they automobile dealerships, automobile credit companies, or banks, would place upon them an intolerable burden and would subject them to unwarranted liability where they retain no control over the lessee's use of the vehicle. We do not believe that the doctrine of negligent entrustment should be extended this far.

Affirmed.