953 P.2d 935

Aleja FAZ, individually and as legal guardian for Aleja Christina Faz; Jorge Villalobos Valenzuela, individually; and Gloria Garcia as legal guardian of Reina Delores Chavez, Plaintiffs–Appellants,

v.

FORD MOTOR CREDIT COMPANY, a Delaware corporation, Defendant–Appellee.

No. 1 CA–CV 97–0190.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 26, 1997.

Review Denied April 21, 1998.

Verdecia & Hasty by Carlos E. Verdecia and Pamela J. Dion, Phoenix, for Plaintiffs–Appellants.

Lewis and Roca by Patricia K. Norris and Dawn M. Bergin, Phoenix, for Defendant–Appellee.

## OPINION

VOSS, Judge.

Appellants appeal the trial court's order granting summary judgment in favor of ap-

pellee on the basis that appellee has no liability under A.R.S. § 28–324. We affirm.

### FACTS AND PROCEDURAL HISTORY

In February 1995, Henry Ingier leased a 1995 Ford Windstar minivan from Earnhardt Ford Sales Co., which simultaneously assigned the lease to appellee Ford Motor Credit Company. The lease term was for a period of 24 months, with a monthly payment of $500.20. The lease agreement gave Ingier an option to purchase the vehicle at the end of the lease for $17,622.00. The agreement provided that Ingier had to obtain insurance on the vehicle to "protect [Ingier] and Ford Credit with … liability insurance … limits of not less than $100,000 for any one person for bodily injury or death, $300,000 for any one accident for bodily injury or death…." In the event Ingier failed to do so, the lease provided that appellee "may cancel this Lease and take back the Vehicle."

On May 31, 1995, Ingier's insurance company notified the "named insured:" Ingier, and the "lienholder:" appellee, that the insurance on the Windstar would be canceled effective June 15, 1995, due to non-payment of premiums. The cancellation notice also indicated that the policy would be reinstated if back premium payments of $309.50 were brought current. No further payments were forthcoming from any source, apparently, and the policy was canceled.

In September 1995, Ingier was driving the Windstar when he was involved in an automobile accident with appellants. Appellants brought suit against appellee,[1] alleging that it was jointly and severally liable with Ingier pursuant to A.R.S. § 28–324, which provides, in part:

…

    B. The owner of a motor vehicle who rents it to another without a driver …, without having procured the required public liability insurance or without qualifying as a self-insurer pursuant to § 28–1222 … shall be jointly and severally liable with the renter for damage caused by the negli-

---

1. Appellants also brought suit against Ingier on the basis that his negligence caused the accident. Ingier failed to answer the complaint. Default judgments were entered against him on April 25, 1997 in favor of appellant Aleja Faz and appellant Aleja Faz as legal guardian of Aleja Christina Faz.

gence of the renter operating the motor vehicle.

Appellee subsequently moved for summary judgment, arguing that it was not the "owner" of the Windstar under § 28-324(B), and, therefore, could not be liable to appellants for Ingier's alleged negligence. Appellants cross-moved for summary judgment on the same issue. The trial court granted appellee's motion and denied appellants' cross-motion. After formal judgment was entered pursuant to Rule 54(b), Arizona Rules of Civil Procedure, appellants timely appealed.

## DISCUSSION

When the material facts are undisputed, this court determines whether the trial court correctly applied the substantive law to the facts. *E.g., Brink Elec. Constr. Co. v. Arizona Dep't of Revenue*, 184 Ariz. 354, 358, 909 P.2d 421, 425 (App.1995). Statutory interpretation is a question of law that we review *de novo*. *E.g., State ex rel. Udall v. Superior Court*, 183 Ariz. 462, 464, 904 P.2d 1286, 1288 (App.1995).

In enacting A.R.S. § 28-324, the legislature required an owner of a motor vehicle who rents it to another without a driver to either obtain public liability insurance or qualify as a self-insurer "to protect the public from possible economic hardship that might result from injury, death, or damage to property caused by persons driving rented vehicles who may not have the financial assets to compensate for such damages." *State Farm Mut. Auto. Ins. Co. v. Agency Rent-A-Car, Inc.*, 139 Ariz. 201, 203, 677 P.2d 1309, 1311 (App.1983); *see also National Union Fire Ins. Co. of Pittsburgh, Pa. v. Truck Ins. Exch.*, 13 Ariz.App. 541, 543, 479 P.2d 189, 191 (1971), *vacated on other grounds*, 107 Ariz. 291, 486 P.2d 773 (1971).

However, appellee contends that it is not liable under § 28-324 in the first instance because the statutory definition of "owner" that governs all of Title 28 excludes it as an "owner" of the motor vehicle at issue. A.R.S. § 28-101 provides in part:

In this title, unless the context otherwise requires:

. . .

40. "Owner" means a person who holds the legal title of a vehicle *or, if a vehicle is the subject of an agreement for the conditional sale or lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, the conditional vendee or lessee*, or, if a mortgagor of a vehicle is entitled to possession, the mortgagor.

(Emphasis added.)

In *St. Paul Fire & Marine Ins. Co. v. Muniz*, 19 Ariz.App. 5, 504 P.2d 546 (1972), this court addressed whether the statutory definition of "owner" controlled in construing an insurance policy that contained a different definition. This court held that "A.R.S. § 28-130 [the statutory predecessor of § 28-101(40) ] is not controlling in all circumstances related to articles found in Title 28. . . ." *Id.* at 6, 504 P.2d at 547. However, although holding that the statutory definition would not control over the policy definition, *Muniz* also held that the statutory definition *would* control in those situations "*in which the word is found* within the provisions of Title 28. . . ." *Id.* (emphasis added).

[W]e hold that the definition in A.R.S. § 28-130, is limited to those situations in which the word "owner" is found within the provisions of Title 28.

*Id.* at 7, 504 P.2d at 548.

In this case, it is undisputed that the Windstar was the subject of a "lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession" vested in Ingier. Accordingly, under A.R.S. § 28-101(40), Ingier, not appellee, "owned" the Windstar at the time of the accident. *Accord Barksdale v. National Bank of Detroit*, 186 Mich.App. 286, 463 N.W.2d 258 (1990); *Moore v. Ford Motor Credit Co.*, 166 Mich.App. 100, 420 N.W.2d 577 (1988) (under similar statutory scheme, holding legal titleholder of vehicle subject to conditional lease is not "owner" for purposes of civil liability statute).

Appellants argue, however, that § 28-101 definitions only apply "unless the context otherwise requires." The context otherwise

requires, they contend, under the more specific liability provisions of A.R.S. § 28–324.

This court must follow the meaning of a statute as written where the language of the statute is "plain and unambiguous and conveys a clear and definite meaning." *State Farm Mut. Auto.*, 139 Ariz. at 203, 677 P.2d at 1311; *e.g., State ex rel. McDougall v. Superior Court*, 186 Ariz. 218, 220, 920 P.2d 784, 786 (App.1996). Above all, we must give effect to the legislature's intent when interpreting a statute. *State Farm Mut. Auto., supra.*

In our opinion, the definition of "owner" in A.R.S. § 28–101(40) simply could not evidence the legislature's intent more clearly: for purposes of Title 28, the title holder is the owner of a motor vehicle *unless* that vehicle is the subject of a lease with a purchase option, such as the one at issue here, in which case the lessee is the "owner." There is no indication that the legislature intended "owner" to be defined differently in the context of A.R.S. § 28–324. Had that indeed

been the legislature's intent, we presume it would have clearly done so. *See Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 561, 880 P.2d 1103, 1107 (App.1993) (we presume legislature expressed its meaning in as clear a manner as possible)

## CONCLUSION

Because appellee was not the owner of the Windstar under A.R.S. § 28–101(40), it had no liability under A.R.S. § 28–324 for any negligence of its lessee, Ingier. Accordingly, we affirm the grant of summary judgment in favor of appellee.

PATTERSON and SULT, JJ., concur.