**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



ANDREW HARRINGTON; KATIE
LIAMMAYTRY; JASON LENCHERT;
DYLAN BASCH,

        Plaintiffs - Appellees,

 v.

CRACKER BARREL OLD COUNTRY
STORE, INC.,

        Defendant - Appellant.

Nos. 23-15650
     24-1979

D.C. No.
2:21-cv-00940-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted February 7, 2025
Phoenix, Arizona

Before: HAWKINS, CLIFTON, and BADE, Circuit Judges.

    Cracker Barrel Old Country Store, Inc. ("Cracker Barrel") appeals the denial

of its motion to compel arbitration of the claims brought by plaintiff Dylan Basch in

this action under the Fair Labor Standards Act. We have jurisdiction under 9 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 16(a).  Reviewing de novo the denial of a motion to compel arbitration and the underlying findings of fact for clear error, *Bielski v. Coinbase, Inc.*, 87 F.4th 1003, 1008 (9th Cir. 2023), we affirm.

The basic facts are undisputed.  Basch encountered the arbitration agreement in question as part of his "Cracker Barrel University" online training.  He checked the "Mark Complete" box at the end of the dispute resolution module of the training program.  At that time, Basch was a minor.  In connection with this litigation, Basch submitted a declaration explaining his lack of knowledge of the agreement and purporting to repudiate the agreement.  Basch signed that declaration when he was 19 years old—18 months after he reached the age of majority to be precise.

The parties agree that Arizona law governs the arbitration agreement and its enforceability.  Under Arizona law, "a contract entered into with a minor is voidable." *St. Paul Fire & Marine Ins. Co. v. Muniz*, 504 P.2d 546, 548 (Ariz. Ct. App. 1972).  The contract remains in effect until renounced, *id.*, and a minor must renounce the agreement "within a reasonable time after reaching his majority," *Almada v. Ruelas*, 393 P.2d 254, 256 (Ariz. 1964) (internal quotation marks and citation omitted).  Under the circumstances, the district court did not err in concluding Basch renounced the agreement "within a reasonable time after reaching his majority."

In a separate opinion, we vacate, in part, the district court's preliminary certification order appealed in case number 23-15650 and remand for further proceedings.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Each party will bear its own costs on appeal.